## TEXAS & PACIFIC RAILWAY COMPANY v. ANDREWS, REYNOLDS & COMPANY.

### No. 2033.   Decided March 30, 1910.

**1.—Railways—Demand for Cars—Statutory Penalty.**

Under the statute requiring the furnishing of cars on demand of a shipper (Rev. Stats. art. 4497-4500, 4502) the penalties for failure to comply with a demand for less than ten cars are imposed where they are not furnished within three days from the date of the demand. A demand for eight cars to be furnished on a date twelve days from the date of demand, is not within the statute and can not made the basis for imposing the penalties. (Pp. 273-275).

**2.—Same—Excuse for Failure.**

Where the railway company is found to have a lawful excuse for its failure to furnish cars on the day required, the statute by its terms does not apply (Rev. Stats., art. 4502) and in such case no penalty is provided for its failure to comply with the demand within a reasonable time after such date. (P. 275).

Error to the Court of Civil Appeals for the Second District in an appeal from Midland County.

Andrews, Reynolds & Company sued the railway company for damages and penalties for failure to furnish cars as demanded, and recovered judgment. Defendant appealed and on affirmance obtained writ of error.

*Ed. W. Smith,* for plaintiff in error.—The statutes involved provide that when a shipper applies to a railway company for ten cars or less such railway company shall supply the cars so demanded within a reasonable time, not to exceed three days. In this case the shipper requested that eight cars be furnished him on the twelfth day after the demand was made, which was without the time specified in the statute for the purpose, and hence the shipper did not put himself within the statute for the purpose of recovering penalties of the defendant for failure to furnish cars as required by the statute. Arts. 4497 to 4502, Revised and Amended Statutes; Texas & P. Ry. Co. v. Blocker, 20 Texas Ct. Rep., 514.

The statutes involved must be strictly construed in order to recover penalties thereunder, and hence the plaintiffs having failed to strictly comply with the provisions of same, are not entitled to recover any penalties of the defendant in this case. Arts. 4497 to 4502, inclusive, Revised Statutes of Texas, as amended in 1899; Texas & P. Ry. Co. v. Hughes, 14 Texas Ct. Rep., 894; 15 id., 1001; Houston, E. & W. T. Ry. Co. v. Campbell, 91 Texas, 557; Schloss v. Atchison, T. & S. F. Ry. Co., 85 Texas, 601, and authorities there cited.

The statutes fix upon railway companies the duty to supply cars, when ten cars or less are ordered, within three days from the receipt of the application therefor, and provide that in event the railway company fails to perform the duty so prescribed it shall forfeit a penalty. The statutes do not empower a shipper to prescribe for the railway company another duty different from that prescribed by the statues, or authorize the recovery of a penalty from the railway

for failure to perform such other duty so prescribed by the shipper. Same authorities.

A State statute which imposes a penalty upon a railway company for failure to perform a duty imposed upon such railway company by such statute, when such default of the railway company is due to unprecedented and extraordinary conditions, suddenly and unexpectedly arising and beyond the power of the railway company to control, and which could not be anticipated or estimated from previous history or conditions, and which could not be provided for by the railway company, although using every reasonable means to do so, has the effect of depriving, and does deprive such railway company of its property without due process of the law, and is therefore violative of and in contravention of the Fourteenth Amendment to the Constitution of the United States.

*S. J. Isaacks* and *Graham B. Smedley,* for defendants in error.— Our Supreme Court, in the case of Allen v. Texas & P. Ry. Co., specifically held that under our penalty statute the defendant should be permitted to defend on other grounds than strikes or other public calamity. They held that such defense as this appellant interposed, i. e., "an unprecedented volume of traffic," should be heard by the court. It follows that if such defense be good in whole, and thereby defeat the cause of action, it would be good in part, and defeat a part of a cause of action. The opinion of the court in Allen case certainly means that, under our penalty statute, the defendant may plead and prove such defense as was plead in this case, and thereby defeat the cause in whole or in part.

The statutes provide that the railway company shall forfeit and pay the shipper twenty-five dollars for each separate day that it fails to furnish a car, thereby giving to the shipper a separate cause of action for each separate day, and the failure of the shipper to sue for the penalty for any day or days could not deprive him of the right to sue for and recover the penalty for the other days during which the company failed to furnish the cars. Allen v. Texas & P. Ry. Co., 100 Texas, 525.

The question whether or not the unprecedented increase of traffic on defendant's line of railway was a sufficient excuse for defendant's failure to furnish the cars on or before December 18, 1906, was one of fact, and the court findings thereon are conclusive unless clearly unwarranted by the evidence. The court found that though there was an unprecedented increase in freight shipments over defendant's railway, despite said condition the defendant could, by the use of reasonable diligence, have furnished the cars prior to December 18. The order for the cars was delivered to defendant's agent, November 26, 1906, and the cars were demanded for December 8, 1906. They were furnished December 26, 1906.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

On November 26, 1906, the plaintiffs, Andrews, Reynolds & Company, made a written application to the agent of the defendant, the Texas & Pacific Railway Company, for eight live stock cars upon

which to ship cattle from Midland to Fort Worth, the cars to be furnished on December 8, 1906, and at the same time paid to the agent $96, which was more than one-fourth of the freight upon the eight cars of cattle from Midland to Fort Worth. The cars were not furnished until December 26, 1906. They recovered a judgment for $60 actual damages and $1600 for penalties.

The statutes which provide for penalties in such cases read as follows:

"Art. 4497. When the owner, manager or shipper of any freight of any kind shall make application in writing to any superintendent, agent or other person in charge of transportation, to any railway company, receiver or trustee, operating a line of railway at the point the cars are desired upon which to ship any freight, it shall be the duty of such railway company, receiver, trustee or other person in charge thereof, to supply the number of cars so required, at the point indicated in the application within a reasonable time thereafter, not to exceed six days from the receipt of such application, and shall supply such cars to the persons so applying therefor, in the order in which such applications are made without giving preference to any person; provided, if the application be for ten cars or less, the same shall be furnished in three days; and provided, further, that if the application be for fifty cars or more, the railway company may have ten full days in which to supply the cars."

"Art. 4498. Said application for cars shall state the number of cars desired, the place at which they are desired and the time they are desired; provided that the place designated shall be at some station or switch on the railroad."

"Art. 4499. Penalty for failure to furnish. When cars are applied for under the provisions of this chapter, if they are not furnished, the railway company so failing to furnish them shall forfeit to the party or parties so applying for them the sum of twenty-five dollars per day for each car failed to be furnished, to be recovered in any court of competent jurisdiction, and all actual damages that such applicant may sustain."

"Art. 4500. Such applicant shall, at the time of applying for such car or cars, deposit with the agent of such company one-fourth of the amount of the freight charge for the use of such cars, unless the said road shall agree to deliver said cars without such deposit. And such applicant shall, within forty-eight hours after such car or cars have been delivered and placed as hereinbefore provided, fully load the same, and upon failure to do so he shall forfeit and pay to the company the sum of twenty-five dollars for each car not used; provided, that where applications are made on several days, all of which are filed upon the same day, the applicant shall have forty-eight hours to load the car or cars furnished on the first application, and the next forty-eight hours to load the car or cars furnished on the next application, and so on; and the penalty described shall not accrue as to any car or lot of cars applied for on any one day, until the period within which they may be loaded has expired. And if the said applicant shall not use such cars so ordered by him, and shall

so notify the said company or its agent, he shall forfeit and pay to the said railroad company, in addition to the penalty herein prescribed, the actual damages that such company may sustain by the said failure of the applicant to use said cars."

"Art. 4502. It shall be necessary for the party or parties bringing suit against any railroad company under the provisions of this law, to show by evidence that he or they had on hand at the time any demand for cars was made, the amount of lumber, cotton, wool, hides, or other freight, necessary to load the cars so ordered, provided, that the provisions of this law shall not apply in cases of strikes or other public calamity."

The first question we are called upon to determine is, has the shipper the right, in order to recover penalties for the failure to furnish the cars, to name any day in future for the delivery, regardless of the three or ten days allowed according to the number of cars, or must he make his application for cars to be furnished in the three or ten days? We think the language of article 4497 answers this question as indicated in the second inquiry. That language is: "It shall be the duty of such railway company to supply the number of cars so required at a point indicated in the application within a reasonable time thereafter, not to exceed six days from the receipt of such application, and shall supply such cars to the persons so applying therefor, in the order in which such applications are made without giving preference to any person; provided, if the application be for ten cars or less, the same shall be furnished in three days; and provided, further, that if the application be for fifty cars or more, the railway company may have ten full days in which to supply the cars." Could language be clearer that the cars are to be supplied within three or ten days after the application is filed? Article 4498, it is true, reads as follows: "Said application for cars shall state the number of cars desired, the place at which they are desired and the time they are desired; provided that the place designated shall be at some station or switch on the railroad." The question then arises, why require the time at which they are desired to be noted, if the cars are to be furnished in a certain number of days after the application is filed. We find no very satisfactory answer to the question. It may be that the Legislature thought as they were assessing heavy penalties, it was proper to be very particular in directing what should be done. Or it may be that it was thought that in case as much as fifty cars were desired, the shipper might name a day within the ten days upon which the railway company, in case it suited its convenience to do so, might furnish the cars, though it was not obliged to furnish them until the expiration of the ten days. But, however this may be, we are of the opinion that the provision in article 4498, that the application shall state the time at which the cars are desired, is not sufficient to control that provision in article 4497 that it shall be the duty of the railway company to supply the number of cars so required at the point indicated in the application in a reasonable time thereafter not to exceed six days from the receipt of such application. And we think that one can see a good reason for this construction. The purpose of the statute

was to facilitate the movement of freight, when it was ready for shipment and not to provide for its shipment when it could be got ready. The freight was to be practically tendered. If, as in this case, the shipper had the right to name a day ten days after the three allowed for supplying the cars, why should he not be allowed thirty or forty days, or such time as the cattle could be fattened and prepared for market?

There is another reason why we think penalties could not be recovered in this case. The court seems to have found that the company has a legal excuse for not having the cars ready by the time named in the application. The statute does not provide what shall be done in such case; it merely directs that in case of "strikes and other public calamities" the statute shall not apply. If it had been intended to require by a penalty a company that was excused for its failure to comply in the first instance to furnish cars as soon as it was able to do so, or as soon as its excuse ceased to exist, it would have been easy for the Legislature to have said so. But having failed to prescribe any such requirement the presumption must be that it was intentionally omitted and that they desired to make no further provision in reference thereto.

For the reasons assigned the judgment of the District Court and of the Court of Civil Appeals are reversed insofar as they allow a recovery of $1600 penalty and are held for naught, but insofar ·as they allow $60 actual damages, they are affirmed.

*Reversed and rendered in part and affirmed in part.*